```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

DANIEL LUNA ROMERO,
                                        Case No. 6:11-cv-01563-SU
        Petitioner,

    v.

ROB PERSSON,
                                        FINDINGS AND RECOMMENDATION
        Respondent.

        Anthony D. Bornstein, Assistant Federal Public Defender
        101 S.W. Main Street, Suite 1700
        Portland, Oregon 97204

            Attorney for Petitioner

        Ellen F. Rosenblum, Attorney General
        Nick M. Kallstrom, Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

            Attorneys for Respondent


     1 - FINDINGS AND RECOMMENDATION
```

SULLIVAN, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state-court conviction for Murder. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

## BACKGROUND

In May 2002, a Clatsop County jury convicted petitioner of murdering his wife. As a result, the trial court sentenced him to life imprisonment with a twenty-five year minimum prison term. Trial Transcript, p. 1130.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Romero*, 196 Or. App. 242, 102 P.3d 150 (2004), *rev. denied*, 338 Or. 363, 109 P.3d 797 (2005).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the PCR trial court denied relief. Respondent's Exhibits 121-123. The Oregon Court of Appeals affirmed the PCR trial court's decision without opinion, and the Oregon Supreme Court denied review. *Romero v. Kilmer*, 243 Or. App. 389, 256 P.3d 1099, *rev. denied*, 350 Or. 716, 260 P.3d 493 (2011).

Petitioner filed his federal Petition for Writ of Habeas Corpus on December 28, 2011 in which he raises three grounds for relief:

2 - FINDINGS AND RECOMMENDATION

      1.    Trial counsel was ineffective for failing to enlist the services of a Nahuatal interpreter;

      2.    The trial court violated petitioner's Sixth Amendment right to confront his accusers with respect to certain testimony from the State's expert witness, Dr. Suckow; and

      3.    The trial court violated petitioner's Sixth and Fourteenth Amendment rights when it required him to prove the elements of his extreme emotional disturbance defense as opposed to placing the burden on the prosecution to prove he as guilty of Murder as opposed to Manslaughter.

Respondent asks the court to deny relief on the Petition because: (1) petitioner failed to fairly present Grounds Two and Three to the state courts, and those claims are now procedurally defaulted; and (2) all claims lack merit.

## DISCUSSION

### I. Unargued Claims

An application for a writ of habeas corpus shall not be granted unless petitioner can demonstrate that adjudication of a claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no

3 - FINDINGS AND RECOMMENDATION

possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Importantly, it is petitioner who is responsible for meeting this substantial burden. *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

Petitioner has not filed any brief in which he argues the merits of Grounds One or Three, nor has he addressed any of respondent's arguments as to why relief on these claims should be denied. Consequently, petitioner has not met his burden of proof with respect to these claims. Notwithstanding this failure, the court has reviewed petitioner's unargued claims on the existing record and finds that they do not entitle him to habeas corpus relief. As a result, relief on the unargued claims should be denied.

## II. **Exhaustion and Procedural Default**

Respondent argues that petitioner failed to fairly present his Ground Two confrontation claim to the state courts, thereby leaving the claim unpreserved for federal habeas corpus review.

### A. **Standards**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S.

509, 519 (1982).  "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'"  *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).  If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence.  *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

5 - FINDINGS AND RECOMMENDATION

**B.    Analysis**

During petitioner's criminal trial, the State's expert psychiatrist, Dr. Suckow, testified that he had a mid-trial conversation involving two of the victim's family members. He testified that these family members told him that petitioner: (1) became violent when he drank alcohol; (2) asked the victim to let him sell drugs out of their home; and (3) once held a knife to the throat of the victim's son.  Trial Transcript, pp. 1007-10. Petitioner's attorney objected on hearsay grounds, but the trial judge allowed the evidence while instructing the jury to consider the testimony only for the purpose of how the doctor arrived at his evaluation.  *Id* at 1008.  Counsel for petitioner did not raise a Sixth Amendment confrontation challenge to Dr. Suckow's testimony, and the hearsay objection was insufficient to preserve a confrontation claim for appellate review.  *See e.g. State v. Jensen*, 313 Or. 587, 598 (1992).  Petitioner concedes that he did not preserve his confrontation claim in the trial court,[1] but he nevertheless asserts that the Oregon Court of Appeals is empowered by ORAP 5.45 to reach constitutional errors notwithstanding trial-level preservation defects.

Appellate review in Oregon's state courts is governed by ORAP 5.45(1) which states that "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the

---

[1]  Memo in Support (#38), p. 10.

6 - FINDINGS AND RECOMMENDATION

lower court. . . ."  ORAP 5.45(1) does, however, provide an alternate procedure whereby "the appellate court may consider an error of law apparent on the face of the record."  This latter provision allows the Oregon Court of Appeals to consider errors of law which are "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or. 376, 381, 823 P.2d 956 (1991).  Where the Oregon Court of Appeals makes a finding of plain error, it must do so expressly:

> Even if the error meets that test, however, the appellate court must exercise its discretion to consider or not to consider the error, and if the court chooses to consider the error, the court must articulate its reasons for doing so.  This is not a requirement of mere form. A court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution. Such an action is contrary to the strong policies requiring preservation and raising of error. It also undercuts the established manner in which an appellate court ordinarily considers an issue, *i.e.*, through competing arguments of adversary parties with an opportunity to submit both written and oral arguments to the court. Moreover, by *expressly* following the prescribed method of recognizing unpreserved or unraised error, much greater efficiency in the review process between appellate courts is facilitated by giving this court the benefit of the recognizing court's reasoning.

*Id* at 382 (citations omitted) (italics in original).

In this case, the Court of Appeals affirmed the trial court's decision without issuing any written opinion.  The lack of a written opinion shows that the Oregon Court of Appeals did not find plain error in this case, as it is required to clearly state as much in every case where it finds clear error to be present. Consequently, the Oregon Court of Appeals did not consider

7 - FINDINGS AND RECOMMENDATION

petitioner's confrontation claim as plain error pursuant to ORAP 5.45(1).

Petitioner also argues that the absence of any plain statement by the Oregon Court of Appeals relying on a state procedural rule to dismiss his case renders the federal confrontation claim reviewable on its merits because the appellate court is presumed to have resolved the claim on its merits. Petitioner directs the court to *Nitschke v. Belleque*, 680 F.3d 1105 (9th Cir. 2008), to support this proposition.

In *Nitschke*, the Ninth Circuit held only that the Oregon Court of Appeals' mere evaluation as to whether an issue constitutes plain error is not sufficient to constitute fair presentation. *Id* at 1108. *Nitschke* does not stand for the proposition that an unreasoned appellate decision requires federal courts to presume a merits adjudication of any federal issue without any consideration of its deficient procedural history.

The Supreme Court has clearly explained the merits presumption and its application to cases involving a state-court decision which contains no rationale. When a state court denies relief, it may be presumed that the adjudication was upon the claim's merits "in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S.Ct. 770, 758 (2011). This merits presumption "may be overcome when there is reason to think

8 - FINDINGS AND RECOMMENDATION

some other explanation for the state court's decision is more likely." *Id.*

In petitioner's case, he concedes he did not preserve his confrontation claim for appellate review. When he raised it for the first time in his Appellant's Brief on direct review, the State argued that petitioner "raised no objection . . . on confrontation grounds, but confined his objection to one based on hearsay." Respondent's Exhibit 104, p. 18. In light of this obvious procedural deficiency, the Oregon Court of Appeals' affirmance without opinion as to petitioner's confrontation claim was likely based upon a procedural deficiency, not an adjudication of the issue on its merits.[2]

Based upon the foregoing, petitioner failed to fairly present his Ground Two confrontation claim to the Oregon state courts. Because the time for doing so passed long ago, the claim is now procedurally defaulted. Petitioner does not argue cause and prejudice, nor does he attempt to make a colorable showing of

---

[2] Even if petitioner had preserved his confrontation claim, it would not entitle him to relief. *See Williams v. Illinois*, 132 S.Ct. 2221, 2228 (2012) ("Out-of-court statements that are related by the expert solely for the purpose of explaining the assumptions on which that opinion rests are not offered for their truth and thus fall outside the scope of the Confrontation Clause."); Trial Transcript, p. 1008 (trial judge admonishes jury not to consider statements related to State's expert for their truth, but only to consider that information for the purpose of how the doctor arrived at his evaluation).

9 - FINDINGS AND RECOMMENDATION

actual innocence sufficient to excuse the default. Accordingly, relief on the Petition should be denied.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be denied and a judgment should be entered dismissing this case with prejudice. The court should decline/declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this __8th__ day of July, 2013.

                                    /s/ PATRICIA SULLIVAN
                                      Patricia Sullivan
                                    United States Magistrate Judge