IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DANIEL LUNA ROMERO,**

    Petitioner,

    v.

**ROB PERSSON,**

    Respondent.

Case No. 6:11-cv-01563-SU

**ORDER**

Anthony D. Bornstein, Federal Public Defender's Office, 101 SW Main Street, Suite 1700, Portland, OR 97204. Attorney for Petitioner.

Ellen F. Rosenblum, Attorney General, and Nick M. Kallstrom, Assistant Attorney General, Department of Justice, 1162 Court Street NE, Salem, OR 97301. Attorneys for Respondent.

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on July 8, 2013. Dkt. 43. Judge Sullivan recommended that (1) the Petition for Writ of Habeas Corpus (Dkt. 2) be denied and a judgment should be entered dismissing the case with prejudice, and (2) the court decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

PAGE 1 – ORDER

Under the Federal Magi33strates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Petitioner timely filed an objection. Dkt. 45. Petitioner argues that Judge Sullivan: (1) should not have denied his Petition for Writ of Habeas Corpus; (2) erroneously found that his federal Confrontation Clause claim is procedurally defaulted; (3) erred in alternatively ruling that his Confrontation Clause claim fails on the merits; and (4) should not have recommended that the court deny appellate review under 28 U.S.C. § 2253(c)(2). The Court has reviewed *de novo* those portions of Judge Sullivan's Findings and Recommendation to which Petitioner has objected, as well as Respondent's response. The Court agrees with Judge Sullivan's reasoning regarding (1) the denial of the Petition for Writ of Habeas Corpus and dismissing the case with prejudice on the basis that the Petitioner's federal claims are procedurally defaulted and fail on the merits, and (2) the recommendation that a certificate of appealability should be denied, and ADOPTS those portions of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the

district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Sullivan's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

## CONCLUSION

The Court **ADOPTS** Judge Sullivan's Findings and Recommendation, Dkt. 43. Petitioner Romero's Petition for Writ of Habeas Corpus is **DENIED** and this case is dismissed with prejudice.

The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 11th day of September, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge